ORIGINAL

FILED
U.S. DIST COURT
BRUNSWICK DIV

Aug 29  11 30 AM '94

CLERK  S. Taylor
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES, | * |
| Vs. | * |
| TYRONE DOUGLAS SALAZAR, | * |
| Defendant. | * Case CR294-40 |

MOTION IN LIMINE

Comes now defendant and moves this court for an order in limine excluding and suppressing any and all evidence obtained illegally of improperly by the prosecution against defendant, or which would by improper to introduce before a jury, based on the following showing:

1. Defendant seeks exclusion of any and all references to defendant refusing the Government's chemical test(s). Based upon the inappropriate actions of the police, such exclusion is necessary under Georgia case and statutory authority.

2. Defendant seeks exclusion of any and all alleged statements (whether or not incriminatory) made by defendant to the police, due to the following grounds.

    a. Defendant was not given timely Miranda warnings;

    b. Defendant was not properly advised about the availability of legal counsel under Georgia.

    c. Defendant was given false or misleading information by the arresting officer.

3. Defendant seeks exclusion of evidence of alleged poor results or any other references to any and all field sobriety tests which

the police improperly required the defendant to perform.

4. Defendant seeks exclusion of any and all evidence of administration of any preliminary breath test (Alco-Sensor) to defendant , based upon the fact that such tests were improperly required to be attempted by the defendant, under the circumstances of this, and based upon Georgia law.

5. Defendant further shows that the arresting officer did not properly advise him of his statutory rights under Georgia's implied consent law, in that said statements were false and misleading. For this reason, any references or statements about defendant refusing the Government's chemical test(s) must be excluded from evidence.

6. Defendant further shows that the officer did not properly advise him of his right to have an independent test, as required by Georgia law.

7. Defendant was denied his rights under the Constitution of the State of Georgia Article 1 Section I Paragraph XVI " No person shall be compelled to give testimony tending in any manner to be self-incriminating." Defendant was told to do certain acts called "field sobriety tests" by the arresting officers. Defendant was not advised of his right to refuse these tests nor was he advised he could have a lawyer. Defendant was not free to leave at any time. Defendant did not waive any of his rights when he performed the tests.

Wherefore, defendant moves the court to exclude the evidence referred to on each numbered paragraph from any trial of this case.

Respectfully submitted,

*[signature]*

Michael B. Perry
Attorney for Defendant
Ga. Bar #572750

P.O. Box 875
St. Marys, GA 31558
(912) 882-3944

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. CR294-40

TYRONE D. SALAZAR

Defendant

Brief

Comes now defendant pursuant to Rule 6.1 and files his brief in support of the foregoing Motion in Limine.

Facts

Defendant was stopped for speeding. The arresting officer, LLoyd E. Smith, had defendant blow his breathe into a devise commonly known as an Alco-sensor. Defendant was informed the results measured ".18". This procedure was performed at the site of the stop.

Defendant was placed under arrest for "D.U.I." and read certain information from a card carried by officer Smith. Among other things, information warned defendant that he must take a test and if he refused to take the test his drivers license would be suspended for one year. The warning also contained conflicting information - that he would lose his privilege to drive for one year for refusal to submit to a state-administered chemical test.

Defendant was taken to a facility where the Intoximeter 3000 was to be used to test defendant's breath. Defendant blew his

breath into the receptacle on two separate occasions. The operator then declared he refused to take the test. The process was brought to a halt; defendant was charged with driving under the influence and refusal to submit to a chemical test.

### Argument and Citation of Authority

Defendant is charged with violations of Georgia Law. The Georgia Law would apply in Federal Court. The Georgia Law concerning driving under the influence of alcohol requires any testing devise to have the approval of the Georgia Bureau of Investigation, O.C.G.A. 40-6-392. The Alco-Sensor does not have such approval and should not be allowed into evidence.

The government's erroneous "implied consent warning" is addressed in three cases- all against allowing any evidence of defendant's refusal at trial. Deckard v. State 210 Ga. App. 421, 436 S.E.2d 536; Skelton v. The State (unpublished opinion of October 14, 1993-Copy attached), and State v. Leviner ____ Ga. App. ___, 443 S.E.2d 688.

### Conclusion

For the above stated reasons the results of the Alco-Sensor and the alleged refusal to take the Government's chemical test should not be allowed at trial and defendants Motion in Limine should be granted.

Michael B. Perry
Attorney for Defendant
State Bar No. 572750

P.O. Box 875
St. Marys, GA  31558
(912) 882-3944

THIRD DIVISION
BEASLEY, P. J.
COOPER and SMITH, JJ.

NOTICE: MOTIONS FOR RECONSIDERATION MUST BE RECEIVED IN OUR CLERK'S OFFICE WITHIN TEN DAYS OF THE DATE OF DECISION to be deemed timely filed. (Court of Appeals Rules 4 and 48, March 1, 1985.)

**NOT TO BE OFFICIALLY REPORTED**

OCT 14 1993

In the Court of Appeals of Georgia

A93A0985. SKELTON v. THE STATE.                                       SM-046C

SMITH, Judge.

Keith Skelton was granted interlocutory appeal from the denial of his motion in limine seeking to exclude at trial the results of a State-administered breath test. The issue is whether Skelton, a South Carolina resident and licensee, was unlawfully induced by a law enforcement officer into submitting to the test by erroneous warnings of certain adverse legal consequences which might result from his refusal to do so. We conclude that he was, and reverse.

Skelton was arrested and charged with improper lane usage, OCGA § 40-6-48, and DUI, OCGA § 40-6-391, by an officer of the Forest Park Police Department. The officer read from a card the following language: "OCGA 40-5-55 and 40-6-392 requires [sic] you to submit to a State-administered chemical test of your blood, breath, urine or other bodily substances for the purpose of determining alcoholic or drug content. Under Code OCGA 40-6-392 you have the right to an additional test of the foregoing substances made by a person of your own choosing if you so desire.

This additional test in no way satisfies your obligation to submit to the State-administered chemical test. Under OCGA §§ 40-5-55 and 40-5-153 you will lose your privilege to operate a motor vehicle from six to twelve months should you refuse to submit to my designated State-administered chemical test. Will you submit to the State-administered chemical test of your breath under the implied consent law?" Skelton also signed a second, written warning prior to taking the test which advised, in pertinent part, that his "driver's license" would be suspended for a period of six to twelve months.

Skelton strongly emphasizes and presents evidence to the effect that at the time of his arrest, the Georgia Department of Public Safety had in fact made no effort in several years to suspend the in-state driving privilege of any nonresident motorist as the result of an implied consent refusal, despite the Department's obligation to do so under OCGA § 40-5-51. In essence, Skelton argues that at the time of his arrest, a legally accurate warning given in light of OCGA § 40-5-51 was nevertheless factually inaccurate as to nonresident motorists, and therefore unlawfully coercive in inducing his consent to a State-administered breath test. However, we need not address this novel question regarding any alleged factual misinformation given by police. Clearly, the implied consent warnings given in this case erroneously extended the scope of "legitimate consequences" possible under Georgia law for a nonresident motorist's refusal to consent to a State-administered breath test. Read as a whole, we

2

find the legal misinformation involved here to be indistinguishable from that determined to constitute unlawful coercion in <u>Deckard v. State</u>, ___ Ga. App. ___ (case no. A93A1488, decided Sept. 29, 1993), and our decision in this case is controlled accordingly.

<u>Judgment reversed.  Beasley, P.J., and Cooper, J. concur</u>.

3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

v.                                        Case No.  CR294-40

TYRONE D. SALAZAR

Defendant

Affidavit

Comes now defendant before an officer duly authorized to administer oaths and after being duly sworn states as follows:

1.

Affiant attended a "Hearing on Suspension of License" on July 20, 1994 in accordance with the attached Order.

2.

Arresting Officer Lloyd Smith attended and testified. The testimony was recorded on audio tape by the hearing officer.

3.

The facts contained in affiant's Brief in support of his Motion in Limine and his Motion to Suppress were given by Arresting officer Smith at said hearing.

Further, affiant saith not.

This 29 day of August, 1994

_____
Tyrone D. Salazar

Sworn to and subscribed
before me this 29 day
of August, 1994.

_____
Notary Public

Notary Public, Camden County, Georgia
My Commission Expires November 25, 1995

STATE OF GEORGIA
DEPARTMENT OF PUBLIC SAFETY
DRIVER IMPROVEMENT SECTION - HEARING UNIT
P. O. BOX 1456
ATLANTA, GEORGIA 30371-2303

ORDER FOR HEARING ON SUSPENSION OF LICENSE

July 20, 1994

**TYRONE DOUGLAS SALAZAR**
**TRF(CODE 380) NSB**
**KINGS BAY, GA. 31547**

RE: **ADMINISTRATIVE LICENSE SUSPENSION (IC)**
**DL# 980805023      DOB: 10-05-69**

The expiration of your Temporary Driving Permit originally scheduled for 07-07-94 has been extended to 08-30-94 This letter authorizes your extended Temporary Driving privileges and should be kept with you when you drive. **This permit is invalid if you are suspended by the court.**

This will acknowledge your request for a hearing. Therefore, CPL. H.H. ROWLAND, of the Department of Public Safety is designated to conduct the hearing. Your hearing has been scheduled for:

**DATE: 08-09-94    TIME: 11:30 AM**
**LOCATION: CAMDEN COUNTY SHEIFF'S OFFICE, WOODBINE, GEORGIA.**

This notice is pursuant to O.C.G.A. 40-5-55, 40-6-392, and 40-5-67.1. The hearing will cover the following issues: (1) Whether the Law Enforcement Officer had reasonable grounds to believe that you were operating or in actual physical control of a moving motor vehicle while under the influence of alcohol or a controlled substance and were lawfully placed under arrest for violating Code Section O.C.G.A. 40-6-391; or (2) Whether you were involved in a motor vehicle accident or collision resulting in serious injury or fatality; and (3) Whether at the time of the request for the test or tests the Officer informed you of your Implied Consent Rights and the consequence of submitting or refusing to submit to such test; and (4) Whether you refused the test.

You have the right to be represented by an attorney and subpoena witnesses or documentary evidence through this department. You may present evidence or testimony to dispute the issues listed above.

Your failure to appeal the hearing officer's decision within thirty (30) days as provided by the Administrative Procedure Act will result in the decision becoming the final agency decision. **If you need to reschedule the hearing you must receive approval through this office at least twenty-four (24) hours prior to the hearing. (404)624-7533. If you are a person with disabilities, and need special assistance to conduct your business with our agency, please call (404) 624-7533 prior to the hearing date.**

CAPT. R. D. HARPER, SUPERVISOR
DRIVER IMPROVEMENT SECTION
HEARING UNIT

RDH/EP
cc: **MICHAEL B. PERRY, ATTY.**
**1712-F OSBORNE ROAD**
**ST. MARYS, GA. 31558**

CERTIFICATE OF SERVICE

This is to certify that the foregoing MOTIONS have been served on the attorney for THE U.S. by depositing the same in the United States Mail with sufficient postage thereon to insure delivery to:

    Lt. Fred Bissinger, Esq.
    NLS Detachment
    NSB
    Building 1052 South
    Kings Bay, Ga. 31547-7300

This 29th day of August, 1994

                                   Michael B. Perry

P.O. Box 875
St. Marys, GA 31558
(912) 882-3944
#572750

Pldys. 11-15